IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ORTEGA AYALA, et al.,

**Plaintiff(s)**

**v.**

**CIVIL NO.** 08-2276 (JAG)

PEDRO TOLEDO DAVILA, et al.,

**Defendant(s)**

**OPINION AND ORDER**

Pending before the Court are co-defendants Bolivar Jaiman and Jose M. Villareal-Cruz's Motion for Judgment on the Pleadings (Docket No. 67) and co-defendants Fernando Fagundo, Luis C. Oliveras Ocasio, Miguel Correa Molclova, Glorimar Torres Colon and Felipe Figueroa Santiago's Motion for Judgment on the Pleadings (Docket No. 70). For the reasons stated below, the motions are hereby **GRANTED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

María Ortega Ayala ("Ortega"), and her husband, Rafael Rosa Romero ("Rosa"), filed the instant action against several police officers of the Puerto Rico Police Department ("PRPD") and employees of the Puerto Rico Transportation Authority under 42 U.S.C. § 1983 (Section 1983") for violations of Ortega's Fourth and Fourteenth Amendment rights of the Constitution of the

Civil No. 08-2276 (JAG)                                                    2

United States due to alleged deprivation of liberty and
malicious prosecution.

Ortega is the owner of Gestoria el Coqui ("Gestoria"), a
business dedicated to providing services to citizens who need to
renew documents emitted by the Public Transportation Department.
(Docket No. 4, ¶ 14). According to the Amended Complaint, since
June 17, 2002, Jaiman, an agent of the PRPD stolen vehicles
division, and other police officers searched the Gestoria. As a
result, Jaiman arrested and filed charges against Ortega on
October 24, 2006 for fraud under Article 272 of the Puerto Rico
Penal Code of 1974. Id. at ¶ 16.

The state magistrate judge did not find probable cause
after the preliminary hearing held on October 29, 2007. Id. at ¶
18. The local district attorney's office sought a *de novo*
hearing but later requested the dismissal of the charges. The
Puerto Rico Court of First Instance granted the dismissal on
December 3, 2008. (Docket No. 67, p. 2).

The Amended Complaint states that co-defendant Fernando
Fagundo Fagundo, the Secretary of the Public Transportation
Department failed to supervise and train his employees to
prevent identity theft and that he did so with reckless
disregard and/or deliberate indifference. It also states that
his actions were the proximate cause of the violation of
Plaintiffs' constitutional rights and injuries. Id. at ¶ 23. It

Civil No. 08-2276 (JAG)                                                    3

also alleges that Luis C. Olveras Ocasio, director of the
Bayamon Branch of the Department of Public Transportation,
"allowed other people to access Plaintiff's name and to be use
[sic] to commit fraud." Id. at ¶¶ 24. It further alleges that
co-defendants Miguel Correa Monclova and Glorimar Torres Colon,
employees of the Bayamon Branch of the Public Transportation
Department, were involved in the identity theft of Ortega and
gave false information to the PRPD. Id. at ¶ 25.

       As a result of the above, Plaintiffs aver that they
suffered extreme emotional and physical anguish as well as
economic loss due to Ortega's inability to work. They claim
three million dollars for compensatory damages, two million in
punitive damages, $250,000 for loss of income and attorney fees
and costs. Id. at p. 11.

       On July 2, 2010, Partial Judgment was entered dismissing
the case against Pedro Toledo Davila for failure to perform
service of summons. (Docket No. 33). On June 10, 2010, co-
defendants Jaiman and Villareal, his supervisor, filed a Motion
for Judgment on the Pleadings. (Docket No. 67) The rest of the
co-defendants followed suit on June 15, 2010. (Docket No. 70).
Both motions are based on essentially the same arguments. Co-
defendants argue that Plaintiffs have not been able to establish
any cause of action because their factual allegations are
insufficient. (Docket No. 70, p. 7). According to them, the

Civil No. 08-2276 (JAG)                                                     4

Amended Complaint merely mentions the co-defendants names, without describing the concrete and specific actions that took place and which Plaintiffs allege constitute the theft of Ortega's identity. Id. They request the dismissal of the case for failure to comply with the pleading standard under Fed.R.Civ.Proc. 8(A)(2) and its Supreme Court interpretation. They also argue that the false imprisonment claim is time-barred. (Docket No 67, pp. 13-18).

Plaintiffs responded. (Docket Nos. 80, 86). They argue that it would be unfair to apply the standards set out in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) to this case given that it was filed before said decision, which would deprive them of due notice regarding the new standard of pleadings. (Docket No. 80, pp. 4-5). They nonetheless consider that the allegations contained in the Amended Complaint are sufficient to establish their causes of action under Section 1983. They further argue that Ortega's false imprisonment claim was timely filed. Co-defendants Jaiman and Villareal replied. (Docket No. 87).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure state that, [a]fter the pleadings are closed –but early enough not to delay trial- a party may move for judgment on the pleadings." Fed.R.Civ.Proc. 12(c). The court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss pursuant to

Civil No. 08-2276 (JAG)                                             5

Fed.R.Civ.P.12(b)(6). In Bell Atl. Corp. v. Twombly, 550 U.S.
544 (2007), the Supreme Court held that to survive a motion to
dismiss under Rule 12(b)(6), a complaint must allege "a
plausible entitlement to relief." Rodriguez-Ortiz v. Margo
Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting
Twombly, 550 U.S. at 559). The court accepts all well-pleaded
factual allegations as true, and draws all reasonable inferences
in the plaintiff's favor. See Correa-Martinez v. Arrillaga-
Belendez, 903 F.2d 49, 51 (1st Cir. 1990). Twombly does not
require heightened fact pleading of specifics; however, it does
require enough facts to "nudge [plaintiffs'] claims across the
line from conceivable to plausible." Twombly, 550 U.S. at 570.
Accordingly, in order to avoid dismissal, the plaintiff must
provide the grounds upon which his claim rests through factual
allegations sufficient "to raise a right to relief above the
speculative level." Id. at 555.

In Iqbal, 129 S. Ct. 1937, the Supreme Court upheld Twombly
and clarified that two underlying principles must guide this
Court's assessment of the adequacy of a plaintiff's pleadings
when evaluating whether a complaint can survive a Rule 12(b)(6)
motion. See Iqbal, 129 S. Ct. at 1949-50. The First Circuit has
recently relied on these two principles as outlined by the
Court. See Maldonado v. Fontanes, 568 F.3d 263 (1st Cir. 2009).
"First, the tenet that a court must accept as true all of the

Civil No. 08-2276 (JAG)                                                 6

allegations contained in a complaint is inapplicable to legal
conclusions. Threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not
suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at
555).

      "Second, only a complaint that states a plausible claim for
relief survives a motion to dismiss." Id. at 1950 (citing
Twombly, 550 U.S. at 556).  Thus, any nonconclusory factual
allegations in the complaint, accepted as true, must be
sufficient to give the claim facial plausibility. Id.
Determining the existence of plausibility is a "context-specific
task" which "requires the court to draw on its judicial
experience and common sense." Id. "[W]here the well-pleaded
facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged - but it
has not 'show[n]' - 'that the pleader is entitled to relief.'"
Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such
inferences must be at least as plausible as any "obvious
alternative explanation." Id. at 1950-51 (citing Twombly, 550
U.S. at 567).

## DISCUSSION

**1. Claims under 42 U.S.C. § 1983**

**a. False imprisonment claim**

Civil No. 08-2276 (JAG)                                           7

In their opposition, Plaintiffs argue that Ortega's false imprisonment claim is not time-barred because she did not know her arrest was illegal until the charges were dismissed. (Docket No. 80, p. 8). They aver that her arrest was inextricably intertwined with the malicious prosecution scheme and should be considered as a continuing wrong. Id. at 9.

Since Section 1983 lacks an accompanying federal statute of limitations, the Supreme Court has held that courts should apply the forum state statute of limitations governing personal injury actions. See Owens v. Okure, 488 U.S. 235, 236 (1989). The Puerto Rico Civil Code establishes a one-year statute of limitations for such actions. See P.R. Laws Ann. tit 31, § 5298(2) (2011); see also Pagan Velez v. Laboy Alvarado, 145 F. Supp.2d 146, 152 (1st Cir. 2001). The one-year statute of limitations period begins to run one day after the date of accrual. Benitez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998). Accordingly, the one-year period applies to Ortega's Section 1983 claims. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); see also Velez v. Alvarado, 145 F. Supp. 2d 146, 152 (D.P.R. 2001).

Although the limitations period is determined by state law, the accrual date is a question of federal law that is not resolved by reference to state law. Wallace v. Kato, 549 U.S. 384 (2007); Rodriguez-Garcia, 354 F.3d at 96; Carreras-Rosa v.

Civil No. 08-2276 (JAG)                                                8

Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997)(per curiam). Under
federal law the date of accrual is when the claimant knew or had
reason to know of the injury. Rodriguez-Garcia, 354 F.3d at 96;
Benitez-Pons, 136 F.3d at 59.

     Ortega argues that the statute of limitations for the
instant action began to accrue on April 12, 2007, when the
criminal case was dismissed. It is her contention that it was
not until the charges were dismissed that she became aware that
her arrest was illegal. However, in Wallace v. Kato, 127 S. Ct.
1091, 1100 (2007), the Supreme Court held that "the statute of
limitations upon a § 1983 claim seeking damages for a false
arrest... where the arrest is followed by criminal proceedings,
begins to run at the time the claimant becomes detained pursuant
to legal process." Specifically, the statute of limitations for
a false arrest claim begins to run when the defendant appears
before the examining magistrate and is bound over for trial. Id.
at 1097. The Court notes that the Supreme Court, in reaching
this conclusion, stated that "even assuming ... that all damages
for detention pursuant to legal process could be regarded as
consequential damages attributable to the unlawful arrest, that
would not alter the commencement date for the statute of
limitations."  Id.

Civil No. 08-2276 (JAG)                                              9

In Wallace, the petitioner alleged that his claim did not accrue until the state dropped the charges against him and was released from prison. Id. The Supreme Court rejected the petitioner's argument and clarified that damages for a false arrest claim, such as the one here, "cover the time of detention up until issuance of process or arraignment, but not more." Id. at 1096. Furthermore, the Court stressed that "[f]rom that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Id. (internal citations and quotations omitted). Id. As such, the Court rejected petitioner's contention that his false imprisonment ended upon his release from custody, after the state dropped the charges against him. Id.

Likewise, we must reject Plaintiffs' argument that Ortega's false arrest claim began to accrue when the charges against her were dismissed. Here, her claim began to accrue on the date of arraignment, the date on which she became detained pursuant to legal process, which was on October 24, 2006. Since the present complaint was filed on November 11, 2008, past the one-year statute of limitations period, this Court finds that Plaintiffs' Section 1983 claim for false imprisonment is time barred.

**b. Malicious Prosecution Claim**

Civil No. 08-2276 (JAG)                                                    10

In the Amended Complaint, Plaintiffs allege that co-defendants' actions constituted malicious prosecution in violation of Ortega's Fourth and Fourteenth Amendment rights under the United States Constitution and under Article II, §§ 10 and 11 of the Constitution of Puerto Rico. Co-defendants rebut that there is no cause of action for malicious prosecution under the Fourteenth Amendment. They further argue that Plaintiffs have not sufficiently alleged the facts in a manner that would allow them to meet the general pleading standard under Fed.R.Civ.Proc. 8(A)(2) and its interpretation under <u>Twomly</u> and <u>Ashcroft</u>. Plaintiffs, on the other hand, posit that <u>Ashcroft</u> should not be applied to their complaint since their case was filed before the Supreme Court decided it.

This last argument is unavailing since it is well established that judicial decisions have retroactive effect. In <u>Harper v. Va. Dep't of Taxation</u>, 509 U.S. 86, 97 (1993) the Supreme Court clearly stated that, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events regardless of whether such events predate or postdate our announcement of the rule."

Regarding Plaintiffs' claim under the Fourteenth Amendment, the Court finds that co-defendants are correct in stating that

Civil No. 08-2276 (JAG)                                          11

there is no such cause of action for malicious prosecution under

the amendment in question. The First Circuit has reapeatedly

declared that "there is no substantive due process right under

the Fourteen Amendment to be free from malicious prosecution."

Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir.

2000)(citing Roche v. john Hancock Mutual Life Ins., 81 F.3d

249, 256 (1st Cir. 1996). Furthermore, Plaintiffs may not claim

violations of Ortega's constitutional rights under the

Constitution of Puerto Rico, for only federally protected right

may be vindicated. "Section 1983 is not itself a source of

substantive right, "but merely provided 'a method for

vindication federal rights elsewhere conferred'." Albright v.

Oliver, 510 U.S. 266, 271 (1994)(citation omitted).

   Hence, the only issue remaining before the Court is whether

Plaintiffs have sufficiently stated a cause of action under

Section 1983 for violation of Ortega's Fourth Amendment rights.

Co-defendants Jaiman and Villareal argue that Plaintiffs'

Amended Complaint "is nothing but a pleading filed with a myriad

of conclusory allegations, which do not detail enough factual

allegations in order to survive dismissal at this stage of the

proceedings under the pleading standard clarified by the United

States Supreme Court in the case of Ashcroft…". (Docket No. 67,

p. 2).

Civil No. 08-2276 (JAG)                                    12

   As   previously   indicated,   co-defendants   contend   that

Plaintiffs' allegations are not supported by specific facts that

would   allow   them   to   establish   the   elements   of   a   malicious

prosecution   cause   of   action.   Federal   claims   for   malicious

prosecution   are   borrowed   from   the   common   law   tort   actionable

under   state   law,   in   this   case,   Puerto   Rico   law.   Torres   v.

Superintendent of Police of P.R., 893 F.2d 404, 409 (1st Cir.

1990). Under   local   law,   a   malicious   prosecution   tort   requires   a

plaintiff   to   prove:   (1)   the   criminal   action   was   initiated   and

instigated   by   defendants;   (2)   the   criminal   action   terminated   in

his   or   her   favor;   (3)   defendants   acted   with   malice;   and   (4)   he

or   she   suffered   damages.   Id.   (citing   Ayala   v.   San   Juan   Racing

Corp., 112 D.P.R. 804 (1982)).

   However, there is a categorical difference between tort claims

for   malicious   prosecution   and   constitutional   claims.   This,

because   a   malicious   prosecution   brought   against   an   individual

does   not   necessarily   truncate   that   person's   constitutional

rights.   Morales   v.   Ramirez,   906   F.2d   784,   787   (1st   1990);

Torres, 893 F.2d 404 at 409; cf. Baker v. McCollan, 443 U.S.

137, 145 (1979) ("The Constitution does not guarantee that only

the   guilty   will   be   arrested.   If   it   did,   Section   1983   would

provide a cause of action for every defendant acquitted--indeed,

for every suspect released."). To assert a malicious prosecution

constitutional   claim,   Plaintiffs   must   not   only   prove   the

elements of malicious prosecution under state law, they also have the burden of alleging "that the [defendants'] malicious conduct was so egregious that it violated substantive or procedural due process rights…". <u>Torres</u>, 893 F.2d at 409.

   "It follows that to invoke the Due Process Clause, the complainant[s] must do more than prove in common-law terms that [they] [were] harassed and prosecuted in bad faith and without probable cause by government officials acting under color of their authority. The 'more' comprises an ability to show that defendants' conduct was "so egregious as to subject the individual to a deprivation of constitutional dimension." <u>Torres</u>, 893 F.2d at 409; accord <u>Coogan v. City of Wixom</u>, 820 F.2d 170, 175 (6th Cir. 1987). In other words, the challenged behavior, before becoming constitutionally actionable, must "shock the conscience," <u>Barnier v. Szentmiklosi</u>, 810 F.2d 594, 599 (6th Cir. 1987), or, procedurally, "deprive plaintiff[s] of liberty by distortion and corruption of the processes of law," <u>Morales</u>, 906 F.2d at 787 (citing <u>Torres</u>, 893 at 410).

   Given the abovementioned applicable law, the Court finds that even if it accepts as true all of the allegations contained in the Amended Complaint, Plaintiffs have not been able to establish a plausible claim of malicious prosecution as required under Section 1983. The following facts are set forth in the Amended Complaint:

Civil No. 08-2276 (JAG)                                                14

    17. Since June 17th 2002, police officers of the Puerto Rico Police Department started a pattern of harassment against defendant Ortega. Agent Bolivar Jaiman and other police officers unreasonable [sic] search [sic] Gestoria El Coqui, without a search warrant. Agent Bolivar Jaiman filed charges and arrested defendants Maria Ortega. She was accused of committing fraud against the Public Transportation Department… Agent Jaiman also accused her of identity thief [sic] with the intention of defrauding the Public and [sic] Transportation Department.

    18. Finally, on October 24 2006, Defendant Maria Ortega was arrested and accused of committing fraud….

    19. After the celebration of the Preliminary hearing under Rule 23 of the Puerto Rico [Rules of] Criminal Procedure, on October 29 2007, no probable cause was found against Maria Ortega.

    20. An Appeal was filed by the district attorney's office, and on November 13, 2008 a motion requesting the voluntary dismissal was filed.

    21. On December 3rd 2007 the motion requesting voluntary dismissal was granted by the Court.

    22. Defendant agent Jaiman was grossly negligent and recklessly indifferent in the exercise of his duties and responsibilities, while investigating the alleged fraud in deliberate disregard to the rights of … [Plaintiff] Maria Ortega. (Docket No. 4, ¶¶ 17-22).


Even assuming, *arguendo,* that Plaintiffs established a cause of action for malicious prosecution under Puerto Rico law, a succinct reading of the cited portion of the Amended Complaint reveals the general nature and lack of specificity of the allegations. Said deficiencies prevent the Court from finding that a malicious prosecution in violation of Ortega's Fourth Amendment rights took place. That is, the allegations are insufficient to establish a malicious prosecution claim under Section 1983. Specifically, no facts have been alleged to

support Plaintiffs' conclusory assertion that co-defendant
Jaiman was "grossly negligent and recklessly indifferent in the
exercise of his duties and responsibilities." Id at ¶ 22.
Plaintiffs refer to a "pattern of harassment" but do not
identify any events to support this assertion, aside from
stating that a warrantless search was conducted. None of the
facts set out in the Amended Complaint show that co-defendant
Jaiman acted with malice or callous disregard of Ortegas rights.
The fact that a magistrate found no probable cause does not
necessarily result in a finding that the state official violated
Ortega's federally protected rights. Again, "[t]he Constitution
does not guarantee that only the guilty will be arrested. If it
did, Section 1983 would provide a cause of action for every
defendant acquitted--indeed, for every suspect released."
Baker, 443 U.S. at 145.

   The Complaint also makes conclusory allegations regarding the
rest of the co-defendants. As to Villareal, the only allegation
against him is that he was Jaiman's supervisor "and was involved
and present when Maria Ortega's constitutional and civil rights
were violated." (Docket No. 4, ¶ 7). Regarding Fagundo, the
Amended complaint states that he failed to supervise and train
the employees of the Puerto Rico Transportation Department with
"reckless disregard and/or deliberate indifference to the rights
of plaintiffs and the injuries suffered by [them]." (Docket No.

Civil No. 08-2276 (JAG)                                        16

4, ¶ 26). Regarding Oliveras, director of the Public
Transportation Department, Bayamón Branch, and Figueroa the
Director of the Public Transportation Department, Carolina
Branch, Plaintiffs allege that the co-defendants allowed others
(not otherwise specified) to access Ortega's name and to commit
fraud with it. Id. at ¶¶ 27, 28.

It is well settled that supervisors, such as Fagundo, Olivera
and Figueroa, may be found liable under Section 1983 on the
basis of their own acts or omissions; liability may not be
predicated upon a theory of *respondeat superior*. Barreto-Rivera
v. Medina Vargas, 168 F. 3d 42, 46 (1st Cir. 1999). A supervisor
may be found liable if the "supervisor's conduct or inaction
amounted to a reckless or callous indifference to the
constitutional rights of others." Gutierrez-Rodriguez v.
Cartagena, 882 F.2d 553, 562 (1st Cir. 1989).

Plaintiffs have patently failed to establish a claim against
Fagundo, Olivera and Figueroa under the supervisory liability
doctrine. No facts are provided that could lead the Court to
find that there is a plausible causal link between said co-
defendants' conduct and the insufficiently alleged malicious
prosecution.

Finally, Plaintiffs also claim that two employees of the
Puerto Rico Transportation Department, Correa and Torres, were
directly involved in the theft of Ortega's identity and provided

Civil No. 08-2276 (JAG)                                              17

false information to the PRPD. The Amended Complaint does not

provide any further details regarding their conduct. Clearly the

bare facts proffered are not enough to "nudge [plaintiffs']

claims across the line from conceivable to plausible." <u>Twombly</u>,

550 U.S. at 570.

   Given the above, the Court declines to exercise supplemental

jurisdiction over Plaintiffs' state law claims.

**CONLUSION**

   For the reasons set forth above, the Court hereby **GRANTS** the

Motion For Judgment on the Pleadings (Docket Nos. 67, 70). The

case shall be dismissed in its entirety.



   IT IS SO ORDERED.


   In San Juan, Puerto Rico, this 14th day of February, 2011.


                                   <u>S/Jay A. Garcia-Gregory</u>
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge